

The following constitutes
the order of the court. Signed September 13, 2017

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

QUANG KY NGUYEN,

　　　　　　　　　　Debtor.

Case No. 16-52743 MEH

Chapter 13

Date:　08/29/17
Time:　10:00 a.m.
Ctrm:　3020

## INTERIM ORDER ON TRUSTEE'S OBJECTION TO CONFIRMATION

　　Debtor Quang Ky Nguyen filed this case on September 22, 2016, and filed an amended chapter 13 plan on May 16, 2017. Chapter 13 Trustee, Devin Derham-Burk, filed a first amended objection to confirmation on June 7, 2017, requesting that Debtor provide a Broker's Price Opinion ("BPO") of the current value of Debtor's real property. Debtor provided a BPO and sought to address Trustee's remaining objections to confirmation. By the time the remaining objections were resolved, Debtor's BPO was over six months old. Trustee then requested an updated BPO. Debtor opposes this request.

///
///
///

*Determination of the Effective Date for 11 U.S.C. § 1325(a)(4)*[1]

Trustee's position is that in order to recommend confirmation of a chapter 13 plan, she must determine to the best of her knowledge that Debtor satisfied the conditions for confirmation. This includes the "best interests of creditors test" in § 1325(a)(4). She asserts that to satisfy this test the value of Debtor's real property needs to be determined at a point in time close to when a confirmation order is entered. In contrast, Debtor asserts that the petition date is the appropriate date to evaluate the value of Debtor's property, and as such, an updated BPO is not necessary.

Section 1325(a)(4) states:

> (a) [T]he court shall confirm a plan if --
> (4) the value, <u>as of the effective date of the plan</u>, or property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date . . .
> (emphasis added)

The issue then is what is the effective date of a chapter 13 plan? The term is not defined in the Bankruptcy Code. The Ninth Circuit found in <u>In re Hoopai</u>, 581 F. 3d 1090 (9th Cir. 2009), that "the most logical interpretation" and the prevailing view, "is that the effective date is the date upon which the plan becomes binding on the parties." <u>Id</u>. at 1101 (internal quotations omitted).[2] A chapter 13 plan may provide for a specific date to be the effective date. But if no date is provided, then the effective date is "when the plan becomes final and binding upon entry of an order confirming the plan." <u>Id</u>. The Ninth Circuit found further support for this position in § 1327, titled "Effect of Confirmation. Section 1327(a) states that "[t]he provisions of a confirmed plan bind the debtor and each creditor. . .", thereby clarifying "that the effect of confirmation is to make the plan binding on the debtor and creditors." <u>Id</u>. at n. 11.

---

[1] All statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") unless noted.

[2] <u>In re Hoopai</u> addressed the issue in a case determining the temporal scope of § 506(b) and the point at which a claim was no longer governed by § 506(b) but by state law.

Subsequently, the Ninth Circuit BAP confirmed in In re Messer, 2014 WL 643712 at *4-5 (Feb. 19, 2014), that this interpretation of the effective date of a chapter 13 plan is well established in the Ninth Circuit. The court stated that if the debtor's chapter 13 plan does not include a specific effective date, then the effective date of the plan is the confirmation date. Further, this is consistent with the language in the form plan used by the Debtor that provides the plan will be effective upon confirmation.

Debtor's arguments in support of the petition date as the effective date are not compelling as they focus on the effect of conversion and the reference to liquidation in a chapter 7 rather than case law determining the meaning of "effective date" for purposes of § 1325(a)(4). Further, case law addressing the determination of whether a claim is secured is distinct from the determination of a plan's effective date.

Accordingly, I find that the effective date of the plan for purposes of § 1325(a)(4) is the confirmation date, unless an alternate date is provided in the plan.

*Trustee's Request for BPO*

A second issue is raised by Trustee's initial and supplemental request for a BPO. At the outset of this case, Debtor filed schedules under penalty of perjury providing Debtor's estimate of the value of his home,[3] the amount owed on the debt secured by his home,[4] and his asserted homestead exemption.[5] Debtor is permitted to testify as to the value of his home based upon his perception. Federal Rule of Evidence 701. In addition, the secured creditor filed a proof of claim.[6] From Debtor's filings, and with reference to the proof of claim, Debtor established a prima facie case that his plan satisfies the best interests of creditors test. Trustee objected to

---

[3] Dkt. # 1, p. 10 – Schedule A/B.
[4] Dkt. # 1, p. 18 – Schedule D.
[5] Dkt. # 1, p. 16 – Schedule C.
[6] Claim # 9.

confirmation on several grounds, including that she is "unable to determine if the plan is in compliance with 11 U.S.C. § 1325(a)(4)."[7]

This is incorrect. Trustee may make an initial determination of whether the best interests of creditors test is satisfied based upon the available evidence. If the Trustee believes the evidence to be questionable she may request, through formal or informal discovery, any appraisal, BPO, or other evidence that Debtor has as to the value of his home. Instead, Trustee demands that Debtor obtain and provide an expert report to address her potential objection.

To the extent Trustee is suspicious that Debtor's home may have increased in value she must address that through permitted means, without imposing an additional burden on Debtor. If Trustee truly believes that Debtor's plan fails to satisfy the best interests of creditors test, then she must assemble her evidence and proceed accordingly.

The parties indicated at the hearing that all remaining objections to confirmation have been satisfied. Debtor asserts through his schedules that § 1325(a)(4) is met. Relying on the requested BPO, the Trustee has not submitted any evidence to the contrary.

Trustee shall have 14 days from entry of this order to submit an amended objection to confirmation with supporting evidence. If an amended objection is not filed, then Trustee's objection to confirmation is overruled and a final order overruling the objection to confirmation will be entered by the court.

**END OF ORDER**

---

[7] Dkt. # 15, see also Dkt. # 26. The objection further provided: "The Trustee requests that the Debtor obtain a broker's opinion as to the current value of the real property. The broker's opinion must include a detailed description of the property (i.e. square footage, lot size, number of bedrooms/bathrooms, condition,) and must include copies of the documentation used to determine the value."

**COURT SERVICE LIST**

ECF Participants